IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MATIAS PALAJ GOMEZ,<br><br>Plaintiff,<br><br>vs.<br><br>MORRIS HATCHERY, INC. and KEVIN SMITH,<br><br>Defendants. | Civil Action Number:<br>2:12-cv-111-WCO<br><br>**Jury Trial Demanded** |

## COMPLAINT

Plaintiff, Matias Palaj Gomez ("Plaintiff") by and through the undersigned counsel, brings this complaint against Defendants Morris Hatchery, Inc. ("Morris") and Kevin Smith ("Smith") and pleads as follows:

### INTRODUCTION

1.

Plaintiff brings this action under the Fair Labor Standards Act of 1938 (as amended) (29 U.S.C. § 201 et.seq.), herein after "the FLSA to (1) recover the overtime pay that was denied him and an additional amount as liquidated damages and (2) for his costs of litigation, including his reasonable attorneys' fees.

## JURISDICTION AND VENUE

2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Defendant Morris is located in this judicial district; and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

## THE PARTIES

4.

Plaintiff resides within Hall County, Georgia.

5.

Morris employed Plaintiff as a quality control egg inspector in Gillsville, Georgia from June 25, 2004 until April 17, 2012.

6.

At all times relevant to this suit, Plaintiff has been an "employee" of Morris as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

7.

From on or about May 2009 until April 17, 2012, Plaintiff has been "engaged in commerce" as an employee of Morris as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

8.

From on or about May 2009 until April 17, 2012, Plaintiff has been engaged in the "production of goods for commerce" as an employee of Morris as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

9.

Morris is a corporation organized under the laws of the State of Georgia.

10.

At all times material hereto, Morris has been an "employer" of Plaintiff as defined in FLSA § 3(d), 29 U.S.C. §203(d).

11.

From on or about May 2009 until April 17, 2012, Morris was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

12.

During 2009, Morris had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

13.

During 2010, Morris had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

14.

During 2011, Morris had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

15.

During 2012, Morris had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

16.

During 2009, Morris had two or more "employees" engaged in the "production of goods for commerce" as defined in 29 U.S.C. § 203(s)(1)(A).

17.

During 2010, Morris had two or more "employees" engaged in the "production of goods for commerce" as defined in 29 U.S.C. § 203(s)(1)(A).

18.

During 2011, Morris had two or more "employees" engaged in the "production of goods for commerce" as defined in 29 U.S.C. § 203(s)(1)(A).

19.

During 2012, Morris had two or more "employees" engaged in the "production of goods for commerce" as defined in 29 U.S.C. § 203(s)(1)(A).

20.

During 2009, Morris had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

21.

During 2010, Morris had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

22.

During 2011, Morris had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

23.

During 2012, Morris had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

24.

During 2009, Morris had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

25.

During 2010, Morris had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

26.

During 2011, Morris had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

27.

During 2012, Morris had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

28.

At all times material hereto, Morris has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

29.

Morris is subject to the personal jurisdiction of this Court.

30.

Smith resides within Hall County, Georgia.

31.

At all times material hereto, Smith exercised operational control over the work activities of Plaintiff.

32.

At all times material hereto, Smith was involved in the day to day operation of the warehouse in which Plaintiff worked.

33.

At all times material hereto, Morris vested Defendant Smith with supervisory authority over Plaintiff.

34.

At all times material hereto, Smith exercised supervisory authority over Plaintiff.

35.

At all times material hereto, Smith scheduled Plaintiff's working hours or supervised the scheduling of Plaintiff's working hours.

36.

At all times material hereto, Smith exercised authority and supervision over Plaintiff's compensation.

37.

At all times material hereto, Smith has been an "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

38.

Smith is subject to the personal jurisdiction of this Court.

39.

At all times relevant to this suit and while an employee of Morris, Plaintiff was not exempt from the maximum hour requirements of the FLSA by reason of any exemption set forth in 29 U.S.C. § 213.

40.

At all times relevant to this suit and while an employee of Morris, Plaintiff was not employed in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

41.

At all times relevant to this suit and while an employee of Morris, Plaintiff was not employed in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

42.

At all times relevant to this suit and while an employee of Morris, Plaintiff was not employed in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

43.

At all times relevant to this suit and while an employee of Morris, Plaintiff was not employed in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

44.

During at least one calendar quarter in calendar year 2009, Morris used more than 500 "man-days" of agricultural labor within the meaning of 39 U.S.C. § 213(a)(6)(a).

45.

During at least one calendar quarter in calendar year 2010, Morris used more than 500 "man-days" of agricultural labor within the meaning of 39 U.S.C. § 213(a)(6)(a).

46.

During at least one calendar quarter in calendar year 2011, Morris used more than 500 "man-days" of agricultural labor within the meaning of 39 U.S.C. § 213(a)(6)(a).

47.

During at least one calendar quarter in calendar year 2012, Morris used more than 500 "man-days" of agricultural labor within the meaning of 39 U.S.C. § 213(a)(6)(a).

**COUNT I — FAILURE TO PAY OVERTME**

48.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

49.

At all times material hereto, Plaintiff has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

50.

During his employment with Defendants, Plaintiff regularly worked in excess of forty (40) hours each week.

51.

Defendants failed to pay Plaintiff at one and one half times his regular rate for work in excess of forty (40) hours in any week from May 2009 through April 17, 2012.

52.

Defendants willfully failed to pay Plaintiff at one and one half times his regular rate for work in excess of forty (40) hours in any week from May 2009 through April 17, 2012.

53.

Plaintiff is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

54.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

55.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to his litigation costs, including his reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully prays:

1. That Plaintiff's claims be tried before a jury;

2. As to Count I, that Plaintiff be awarded an amount to be determined at trial against Defendants in unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages;

3. That Plaintiff be awarded costs of litigation, including his reasonable attorneys' fees from Defendants; and

4. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

|  |  |
|---|---|
|  | *DELONG CALDWELL BRIDGERS & FITZPATRICK, LLC* |
|  | */S/ CHARLES R. BRIDGERS* |
| 3100 CENTENNIAL TOWER | CHARLES R. BRIDGERS |
| 101 MARIETTA STREET | GA. BAR NO. 080791 |
| ATLANTA, GEORGIA 30303 |  |
| (404) 979-3171 | /S/ *KEVIN D. FITZPATRICK, JR.* |
| (404) 979-3170 (f) | KEVIN D. FITZPATRICK, JR. |
| kevin.fitzpatrick@dcbflegal.com | GA. BAR NO. 262375 |
| charlesbridgers@dcbflegal.com |  |
|  | COUNSEL FOR PLAINTIFF |